UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JESSICA A. TWARDOWSKI,<br><br>    Plaintiff,<br><br>v.<br><br>CREDIT MANAGEMENT, L.P.,<br><br>    Defendant. | Case No.   1:20-cv-04285 |

## COMPLAINT

**NOW COMES** Plaintiff, JESSICA A. TWARDOWSKI, through undersigned counsel, complaining of Defendant, CREDIT MANAGEMENT, L.P., as follows:

## NATURE OF THE ACTION

1. This action is seeking redress for Defendant's violation(s) of the Fair Debt Collection Practices Act (the "FDCPA"), 15 U.S.C. § 1692 *et seq.*

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

3. Venue in this district is proper under 28 U.S.C. § 1391(b)(2).

## PARTIES

4. JESSICA A. TWARDOWSKI ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided at 224 Gettysburg Drive, Bolingbrook, Illinois 60440.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6. CREDIT MANAGEMENT, L.P. ("Defendant") is a limited partnership organized and existing under the laws of the State of Nevada.

7. Defendant has its principal place of business at 6080 Tennyson Parkway, Suite 100, Plano, Texas 75024.

8. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

9. Defendant uses instrumentalities of interstate commerce and the mail in its business – the principal purpose of which is the collection of debt owed or due or asserted to be owed or due another.

## FACTUAL ALLEGATIONS

10. Plaintiff purchased prescription medications through AllianceRX Walgreens Prime, a specialty and home delivery pharmacy.

11. As result of financial hardship, however, Plaintiff was not able to pay her $165.00 account balance.

12. Plaintiff's $165.00 account balance is a "debt" as defined by 15 U.S.C. § 1692a(6).

13. On February 18, 2020, Plaintiff filed a voluntary petition for relief under Chapter 7, Title 11, United States Code (the "Bankruptcy Code").

14. The schedules filed by Plaintiff included Plaintiff's AllianceRX Walgreens Prime account on Schedules E/F: Creditors Who Have Unsecured Claims.

15. On February 21, 2020, the Bankruptcy Noticing Center issued a Certificate of Notice, certifying, under penalty of perjury, that it sent Notice of Chapter 13 Bankruptcy Case by first class mail or electronic transmission to Plaintiff's creditors, including AllianceRX Walgreens Prime.

16. Subsequently, Plaintiff's AllianceRX Walgreens Prime account was referred for collection.

17. Defendant mailed Plaintiff a letter dated July 1, 2020, which stated:

Your account(s) has been placed for collection and payment in full is due. The below listed account(s) has been turned over to us by our client, who has given you an opportunity to satisfy this obligation. You can avoid continued collection activities by sending your payment in full directly to Capital Management, L.P.

If multiple accounts for the same creditor are listed below, you have a right to dispute part of all of any of the accounts.

Notice: Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

***

This communication is from a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose.

***

| Creditor | Account Number | Amount |
|---|---|---|
| ALLIANCE_RX WALGREENS PRIME | 3363249 | 165.00 |
| TOTAL | | 165.00 |

## DAMAGES

18. The automatic stay is *one of the fundamental debtor protections provided by the bankruptcy laws*. It gives the debtor a breathing spell from her creditors. It stops all collection efforts, all harassment, and all foreclosure actions. It permits the debtor to attempt a repayment or reorganization plan, or simply to be relieved of the pressures that drove her into bankruptcy.

19. Defendant's unlawful conduct deprived Plaintiff of one of her fundamental rights and led Plaintiff to believe her bankruptcy was for naught, causing anxiety and emotional distress.

20. Concerned with having had her rights violated, Plaintiff was forced to retain counsel; therefore, expending time and incurring attorney's fees to vindicate her rights.

## CLAIMS FOR RELIEF

### COUNT I:
### Defendant's violation(s) of 15 U.S.C. § 1692 *et seq.*

21. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

### Violation of 15 U.S.C. § 1692e

22. Section 1692e provides:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section.
>
> (2) The false representation of –
>
>    (A) the character, amount, or legal status of any debt.
>
> (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

23. Defendant's July 1, 2020 letter to Plaintiff asserted that Plaintiff's debt to Alliance RX Walgreens Prime was due and demanded that Plaintiff pay the debt.

24. But at the time of Defendant's July 1, 2020 letter, Plaintiff's debt to AllianceRX Walgreens Prime was not due because that debt had been included in Plaintiff's Chapter 7 bankruptcy.

25. It seems clear, then, that Defendant's July 1, 2020 letter misrepresented the legal status of Plaintiff's debt to AllianceRX Walgreens Prime in violation of 15 U.S.C. §§ 1692e(2)(A) and e(10). *See Randolph v. IMBS, Inc.*, 368 F.3d 726, 728 (7th Cir. 2004) ("[A] demand for immediate payment while a debtor is in bankruptcy (or after the debt's discharge) is 'false' in the

4

sense that it asserts that money is due, although, because of the automatic stay (or discharge injunction), it is not."

### Violation of 15 U.S.C. § 1692f

26. Section 1692f provides:

    A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

    (1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

27. The filing of a bankruptcy petition automatically stays "the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title. 11 U.S.C. § 362(a)(1).

28. Defendant violated 15 U.S.C. § 1692f(1) by attempting to collect debt (Plaintiff's to AllianceRX Walgreens Prime account) not permitted by law - 11 U.S.C. § 362(a)(1).

29. Plaintiff may enforce the provisions of 15 U.S.C. §§ 1692e(2)(A), e(10), and f(1) pursuant to section k of the Fair Debt Collection Practices Act (15 U.S.C. § 1692k) which provides "any debt collector who fails to comply with any provision of [the Fair Debt Collection Practices Act] with respect to any person is liable to such person in an amount equal to the sum of –

    (1) any actual damage sustained by such person as a result of such failure;

    (2)

        (A) in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000.00; or

(3)     in the case of any successful action to enforce the foregoing liability, the costs of the action, together with reasonable attorney's fees as determined by the court.

**WHEREFORE**, Plaintiff requests the following relief:

A.     find that Defendant violated 15 U.S.C. §§ 1692e(2)(A), e(10), and f(1);

B.     award any actual damage sustained by Plaintiff as a result of Defendant's violation pursuant to 15 U.S.C. § 1692k(a)(1);

C.     award such additional damages, as the Court may allow, but not exceeding $1,000 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

D.     award costs of this action including expenses together with reasonable attorneys' fees as determined by this Court pursuant to 15 U.S.C. § 1692k(a)(3); and

E.     award such other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable of right.

DATED: July 21, 2020            Respectfully submitted,

**JESSICA A. TWARDOWSKI**

By: */s/ Joseph S. Davidson*

Mohammed O. Badwan
Joseph S. Davidson
Victor T. Metroff
SULAIMAN LAW GROUP, LTD.
2500 South Highland Avenue
Suite 200
Lombard, Illinois 60148
+1 630-575-8181
mbadwan@sulaimanlaw.com
jdavidson@sulaimanlaw.com
vmetroff@sulaimanlaw.com